UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                                     :

UNITED STATES OF AMERICA,

                                                                    :      06 Cr. 116 (PAC)

   - against -

                                                                    :      <u>OPINION AND ORDER</u>

AMARA S. CONTEH, M.D.,
                                                                    :

               Defendant.
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant makes this omnibus motion seeking (1) dismissal of the indictment against him for lack of specificity and failure to state all the elements of the offense charged, 21 U.S.C § 841(a)(1); (2) disclosure of the grand jury transcripts; (3) suppression of his post-arrest statements; (4) suppression of the fruits of a consent search of his home; and (5) production of <u>Brady</u>, <u>Giglio</u> and Jencks Act, 18 U.S.C. § 3500, materials.  For the reasons stated below, the motion is denied.

## **<u>The Indictment is Sufficient</u>**

An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend…." <u>United States v. Alfonso</u>, 143 F.3d 772, 776 (2d Cir. 1998) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)).  Defendant argues that the indictment does not contain all the elements of the offense because it fails to negative the exception to § 841(a)(1) for prescriptions "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a).  He also argues

that the indictment lacks the specificity required to fairly inform him of the charge against him. Neither argument is persuasive.

It is undisputed that the indictment tracks the language of § 841(a)(1). Several Courts of Appeal have held that no more than that is required to sustain the indictment. See United States v. Steele, 147 F.3d 1316, 1320 (11th Cir. 1998), United States v. Polan, 970 F.2d 1280, 1282 (3rd Cir. 1992), United States v. Seelig, 622 F.2d 207, 211-12 (6th Cir. 1980), United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978). Steele and Polan both rely on the clear language of 21 U.S.C. § 885(a)(1) that, "it shall not be necessary for the United States to negative any exemption or exception [to § 841(a)(1)], …in any…indictment…." Steele, 147 F.3d at 1320, Polan, 970 F.2d at 1282. Notwithstanding § 885(a)(1), some other circuits have rejected this approach and require the indictment to negative the medical practitioner exception. See United States v. King, 587 F.2d 956, 962-65 (9th Cir. 1978), United States v. Hurwitz, 459 F.3d 463, 475 (4th Cir. 2006).

The issue need not be addressed here, however, because the indictment alleges that the Defendant acted "in a manner inconsistent with accepted medical practice." This is sufficient to negative the 21 C.F.R. § 1306.04(a) exception. In United States v. Hurwitz, the very case on which Defendant relies, the Fourth Circuit made clear that inconsistency with medical practice is interchangeable with lack of legitimate medical purpose. Id. at 475 (stating the relevant element as "defendant's actions were not for legitimate medical purposes in the usual course of his professional medical practice *or were beyond the bounds of medical practice*.")(internal citation omitted and emphasis added). In evaluating an indictment for sufficiency, "common sense and reason prevail over technicalities." United States v. Sabbeth, 262 F.3d 207, 218 (2d Cir. 2001). The

distinction between a prescription "inconsistent with accepted medical practice" and a prescription "not issued for a legitimate medical purpose…in the usual course of his professional practice" is of a decidedly technical character.  It is certainly not an adequate basis for invalidating the indictment.

As to specificity, the indictment alleges that from October 2002 to May 2005 Defendant unlawfully prescribed hydrocodone for various persons.  This is adequate to alert the Defendant to the nature of the charge against him, and to allow him to prepare a defense.  Defendant claims that he needs the dates and the names of persons involved for some, but not all, of the alleged transactions.  This argument confuses sufficiency of the indictment with the discovery to which Defendant is entitled.  Defendant does not contest that the Government has produced extensive discovery, setting out further facts relating to the charge.  See United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999)("we have repeatedly refused, in the absence of any showing of prejudice, to dismiss…charges for lack of specificity.").  Defendant's motion to dismiss the indictment is denied; for the same reasons, Defendant's motion to compel disclosure of the grand jury transcripts is also denied.

**Suppression of the Post-Arrest Statements and the Search of Defendant's Home**

Defendant also moves for suppression of his post-arrest statements to law enforcement agents.  Defendant does not dispute that he made two knowing and voluntary written waivers of his Miranda rights prior to any interrogation.  The sole question before the Court is thus whether his subsequent statements were made voluntarily.  See Dickerson v. United States, 530 U.S. 428, 444 (2000).  Defendant argues that his statements were the product of coercion because the agents twisted his words, intimidated him, and browbeat him.

3

The Court reviewed the transcript of the one hour and fifteen minute interrogation. It then listened to the full audio recording. The Court finds that the agents' questioning was neither coercive nor threatening. There was no intimidation or browbeating, and the interrogation was not unrelenting, nor was it hostile. Instead, there are long pauses while the Defendant ponders how to answer a question, without any pressure being applied by the agents. Indeed, the questioning appears quite civil. Contrary to Defendant's contentions, law enforcement officers do not violate due process by asking suggestive questions or indicating that they believe the suspect to be lying because of other facts in their possession. In any event, Defendant frequently corrects his interrogators' statements and assumptions, when he finds them to be inaccurate. Moreover, Defendant is a doctor, fully capable of understanding and asserting his rights, who was admittedly advised in writing that he could terminate the interrogation at any time. At no point during the interrogation does he make any indication that he wishes to stay silent or speak to an attorney.

As to the written statement prepared by his interrogators, Defendant signed it at the bottom of each of the five pages of his statement and initialed it in 41 different places. Defendant's assertion that the written statement is inconsistent with the verbal statement is essentially irrelevant to the inquiry here: whether Defendant agreed to the written statement voluntarily. He does not allege any facts indicating that he was coerced into signing the statement. Nor does he allege that the agents denied a request for additional time to review it, for the assistance of counsel, or for someone to read the statement to him. In view of the totality of the circumstances, the Court finds that Defendant has not raised a factual dispute which would, if resolved in his favor, result in suppression of the statements. Therefore no evidentiary hearing is necessary.

Defendant's verbal and written statements were voluntary, and the motion to suppress them is denied.

Defendant's consent for law enforcement agents to search his home was obtained in writing at his office prior to any interrogation. The audio recording of his interrogation further confirms that the search was made with the voluntary consent of the Defendant. In the absence of any factual allegations of coercive conduct, the Court finds that Defendant's consent was given voluntarily and his motion to suppress the fruits of the search is denied.

### Production of Discovery

At oral argument, Defendant's counsel stated that the Government's representations regarding its intended production of Brady, Giglio and Jencks Act materials were acceptable. Therefore the motion to compel production of such materials is moot. If Defendant believes in the future that the Government is not adhering to its representations, the Court will entertain a new motion at that time.

Defendant's motion is DENIED in its entirety. The Clerk of the Court is directed to close this motion.

Dated: New York, New York
       November 1, 2006

SO ORDERED

_/s/ Paul A. Crotty_
PAUL A. CROTTY
United States District Judge